# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

# EASTERN DIVISION

| | |
|---|---|
| Craftwood Lumber Company, an Illinois corporation, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>      v.<br><br>Senco Brands, Inc., a Delaware corporation,<br><br>              Defendant. | Case No.:  1:14-cv-06866<br><br>Honorable James B. Zagel |

## DEFENDANT SENCO BRANDS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

## TO PLAINTIFF'S CLASS ACTION COMPLAINT

### Introduction

1.     More than two decades ago the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") was enacted into law.  The law responded to countless complaints by American consumers and businesses about the cost, disruption and nuisance imposed by junk faxes.  The law prohibited the transmission of facsimile advertising without the prior express invitation or permission of the recipient.  In 2005, because consumers and businesses continued to be besieged with junk faxes, Congress strengthened the law by amending it through the Junk Fax Prevention Act of 2005 (collectively "JFPA").[1]  As amended, the law, together with regulations adopted by the Federal Communications Commission thereunder ("FCC

---

[1]  Unless otherwise noted, all statutory references are to this statute in effect since 2005.

regulations"), require a sender to include in its faxed advertisements a clear and conspicuous notice that discloses to recipients their right to stop future faxes and explains how to exercise that right.

> **ANSWER**: Paragraph 1 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant Senco Brands, Inc. ("Defendant") denies the allegations of this paragraph.

2. Plaintiff brings this class action to recover damages for, and to enjoin faxing by, Defendant Senco Brands, Inc., in violation of the JFPA and FCC regulations. Defendant's violations include, but are not limited to, the facsimile transmission of an advertisement on January 4, 2012, to Plaintiff, a true and correct copy of which is attached as Exhibit 1.

> **ANSWER**: Defendant admits that Plaintiff Craftwood Lumber Company ("Plaintiff") purports to challenge Defendant's alleged practice of sending advertisements by facsimile transmission, but Defendant denies that it sent unsolicited or unlawful faxes. The remaining allegations in Paragraph 2 assert legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

3. **Subject Matter Jurisdiction, Standing and Venue**. This Court has subject matter jurisdiction over this matter under federal-question jurisdiction, 28 U.S.C. § 1331; *see Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 747, 1818 L. Ed. 2d 881 (2012). Plaintiff has standing to seek relief in this Court because § (b)(3) authorizes commencement of a private action to obtain damages for Defendant's violations of the JFPA and/or FCC regulations, to obtain injunctive relief, or for both such actions. Venue is proper in this Court because

Defendant sent the faxes at issue within this judicial district, including to Plaintiff and Defendant resides in this judicial district.

> **ANSWER:** Paragraph 3 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

4. **Personal Jurisdiction**. This Court has personal jurisdiction over Defendant because it regularly conducts business within the state of Illinois, because Defendant intentionally directed the facsimile advertisements that are the subject of this action to recipients within the state of Illinois and because Defendant committed at least some of its violations of the JFPA and/or FCC regulations within the state of Illinois.

> **ANSWER:** Paragraph 4 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

## The Parties

5. **Individual Plaintiff/Class Representative**. Plaintiff Craftwood Lumber Company is, and at all times relevant hereto was, a corporation duly organized and existing under the laws of the state of Illinois, with its principal place of business in Highland Park, Illinois. Plaintiff is, and at all times relevant hereto was, the subscriber of the facsimile telephone number (847) 831-2805 to which faxed advertisements, including Exhibit 1, were sent by Defendant.

> **ANSWER:** Defendant admits it caused a fax to be sent to Plaintiff on or about January 4, 2012, a copy of which is attached to the complaint as Exhibit 1. Defendant lacks

sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 5 and on that basis, denies the remaining allegations.

6. **Defendant Senco Brands, Inc.**  Defendant Senco Brands, Inc. is, and at all times relevant hereto was, a corporation organized and existing under the laws of the state of Delaware, having its principal place of business in Cincinnati, Ohio.  Unless otherwise indicated, Defendant Senco Brands, Inc. is referred to throughout this Complaint as "Senco" or "Defendant."

> **ANSWER:**  Defendant admits the allegations in Paragraph 6.

## The JFPA's Prohibition Against Junk Faxing

7. By the early 1990s, advertisers had exploited facsimile telephone technology to blanket the country with junk fax advertisements.  This practice imposed tremendous disruption, annoyance, and cost on the recipients.   Among other things, junk faxes tie up recipients' telephone lines and facsimile machines, misappropriate and convert recipients' fax paper and toner, and require recipients to sort through faxes to separate legitimate faxes from junk faxes and discard the latter.  Congress responded to the problem by passing the TCPA.  It was enacted to eradicate "the explosive growth in unsolicited facsimile advertising, or 'junk fax.'" H.R. Rep. No. 102-317 (1991).

> **ANSWER:**  Paragraph 7 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

8. In the decade following the TCPA's enactment, however, American consumers and businesses continued to be "besieged" by junk faxes because senders refused to honor requests by recipients to stop.  FCC, Report and Order on Reconsideration of Rules and

Regulations Implementing the TCPA of 1991, 29 Comm. Reg. 830 ¶ 186 (2003). Congress responded by strengthening the law through the JFPA. The JFPA, for the first time, required senders to clearly and conspicuously disclose on their faxes that recipients have the right to stop future faxes and to explain the means by which recipients can exercise that right (hereinafter collectively the "Opt-Out Notice Requirements").[2]

> **ANSWER:** Paragraph 8 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

### Senco's Junk Fax Programs

9. Senco manufactures and distributes worldwide air-, battery- and gas- powered tools and also manufactures and distributes fastners. Commencing within four years preceding the filing of this Complaint, Senco conducted a fax-blasting program to advertise the sale of its property, goods and services.[3] The fax advertisements not only promoted Senco's products, but also the company's website (www.senco.com), which itself a service and an advertisement for the company and its products. The website is interactive and invites visitors to purchase Defendant's property, goods advertised on the website. These advertisements include, but are not limited to, the facsimile advertisement sent on January 4, 2012, attached as Exhibit 1.

> **ANSWER:** Defendant admits it manufactures and distributes air-, battery- and gas-powered tools and manufactures and distributes fasteners. Defendant further admits its

---

[2] The Opt-Out Notice Requirements are contained in § 227 (b)( 1 )(C)(iii), (b)(2)(D) and (b)(E), and the FCC's regulations and orders found at 47 C.F.R. § 64.1200(a)(4)(iii)-(vi) and the FCC's 2006 order. See Federal Communications Commission, Report and Order and Third Order on Reconsideration, 21 FCC Rcd. 3787 | 26 (2006).

[3] The statute of limitations for this action is the four-year limitations period provided in 28 U.S.C. § 1658.

website's URL address is www.senco.com. The remaining allegations in Paragraph 9 assert legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

10. Defendant is a sender of the facsimile advertisements at issue because the advertisements were sent on its behalf and because the faxes advertised or promoted Defendant's property, goods or services, within the meaning of 47 C.F.R. § 64.1200(a)(4), (f)(10).

**ANSWER:** Paragraph 10 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

11. Plaintiff did not give Defendant "prior express invitation or permission" as used in the JFPA (§ (a)(5)) to send Exhibit 1 or any other facsimile advertisements. Plaintiff did not have an "established business relationship" as used in the JFPA (§ (a)(2)) with Defendant at the time the faxed advertisements at issue were sent to Plaintiff. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant transmitted via facsimile Exhibit 1 and other advertisements without obtaining prior express invitation or permission from other recipients and/or without having an established business relationship with them. In sending these faxes, Defendant also failed to include the disclosures mandated by the Opt-Out Notice Requirements, in further violation of the JFPA and FCC regulations, including, without limitation, that no opt-out notice whatsoever is contained in Exhibit 1.

**ANSWER:** Paragraph 11 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

**Class Action Allegations**

12.     **Statutory Reference**.  This action is properly maintainable as a class action because (a) all prerequisites of rule 23(a) are satisfied; (b) prosecution of separate actions by one or more individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class and would establish incompatible standards of conduct for Defendant, in the manner contemplated by rule 23(b)(1)(A); (c) Defendant has acted on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole, as contemplated by rule 23(b)(2); and (d) questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, as contemplated by rule 23(b)(3).

> **ANSWER:**  Defendant admits that Plaintiff purports to seek certification of a class.  The remaining allegations in Paragraph 12 assert legal conclusions and argument to which no response is required.   To the extent a response is required, Defendant denies the remaining allegations of this paragraph.  Defendant further states that this action does not meet the mandatory prerequisites of a class action and is not appropriate for class treatment.

13.     **Class Definition**.  The Plaintiff Class consists of all persons and entities that were at the time subscribers of telephone numbers to which material was sent via facsimile transmission, commencing within four years preceding the filing of this action, which material discusses, describes, or promotes Defendant's property, goods or services, including, without

limitation, Exhibit 1 hereto ("Plaintiff Class"). Plaintiff reserves the right to amend the class definition following completion of class certification discovery.

> **ANSWER:** Defendant admits that Plaintiff purports to seek certification of a class, but Defendant denies the allegations of this paragraph. Defendant further states that this action does not meet the mandatory prerequisites of a class action and is not appropriate for class treatment.

14. **Numerosity**. Plaintiff is informed and believes, and upon such information and belief avers, that the Plaintiff Class is sufficiently numerous that the joinder of all members is impracticable due to the class's size and due to the relatively small potential monetary recovery for each Plaintiff Class member, in comparison to the time and costs associated with litigation on an individual basis.

> **ANSWER:** Defendant admits that Plaintiff purports to seek certification of a class. Paragraph 14 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph. Defendant further states that this action does not meet the mandatory prerequisites of a class action and is not appropriate for class treatment.

15. **Typicality**. The claims of Plaintiff are typical of the Plaintiff Class in that, among other things, they were sent faxed communications by Defendant that violated the JFPA and FCC regulations; they have same claims under the same statute and regulations; and they are entitled to the same statutory damages and injunctive relief.

> **ANSWER:** Defendant admits that Plaintiff purports to seek certification of a class. Paragraph 15 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

Defendant further states that this action does not meet the mandatory prerequisites of a class action and is not appropriate for class treatment.

16. **Adequacy of Representation**. The Plaintiff Class will be well represented by the class representative and class counsel. Plaintiff appreciates the responsibilities of a class representative and understands the nature and significance of the claims made in this case. Plaintiff can fairly and adequately represent and protect the interests of the Plaintiff Class because there is no conflict between its interests and the interests of other class members. Class counsel have the necessary resources, experience (including significant experience in litigating cases under the Act and FCC regulations) and ability to prosecute this case on a class action basis.

ANSWER: Defendant admits that Plaintiff purports to seek certification of a class. Defendant denies the allegations of this paragraph. Defendant further states that this action does not meet the mandatory prerequisites of a class action and is not appropriate for class treatment.

17. **Common Questions of Law and Fact Are Predominant**. Questions of law and fact common to the class predominate over questions affecting only individual class members:

A. **Common Questions of Fact**. This case presents numerous questions of fact that are common to all class members claims. Defendant has engaged in a standardized course of conduct vis-a-vis Plaintiff and class members, and their damages arise out of that conduct. Plaintiff is informed and believes, and upon such information and belief avers, that the case arises out of a common nucleus of fact because, among other things, the faxes at issue advertised Senco's property, goods or services, the faxes are the product of an organized fax-blasting campaign targeting the class, and the faxes were sent in the same or similar manner.

B. **Common Questions of Law**. The case presents numerous common questions of law, including, but not limited to:

(1)     whether the faxes at issue advertise the commercial availability or quality of property, goods or services and therefore fall within the ambit of the JFPA and FCC regulations;

(2)     Defendant's mode and method of obtaining the telephone numbers to which the faxes at issue were sent and whether that mode and method complied with the requirements of § (b)(1)(C)(ii) and FCC regulations;

(3)     whether Defendant obtained prior express invitation or permission as defined in § (a)(5);

(4)     whether Defendant complied with the Opt-Out Notice Requirements of the JFPA and FCC regulations, and the legal consequences of the failure to comply with those requirements;

(5)     what constitutes a knowing or willful violation of the JFPA within the meaning of § (b)(3);

(6)     whether Defendant committed knowing and/or willful violations of the JFPA and/or FCC regulations;

(7)     whether damages should be increased on account of Defendant's knowing and/or willful violations of the JFPA and/or FCC regulations and, if so, by what amount; and

(8)     what injunctive relief as prayed for in the Complaint is warranted.

**ANSWER:** Defendant admits that Plaintiff purports to seek certification of a class, but Defendant denies the allegations of this paragraph and its subparts. Defendant further

states that this action does not meet the mandatory prerequisites of a class action and is not appropriate for class treatment.

18. **Appropriate Method for Fair and Efficient Resolution of the Controversy**. A class action is an appropriate method for the fair and efficient adjudication of this case for several reasons, including:

      A.    Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant.

      B.    Questions of law and fact common to members of the class, including those identified in paragraph 17, predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

      C.    Class adjudication will conserve judicial resources.

      D.    Members of the Plaintiff Class are not likely to join or bring an individual action due to, among other reasons, the small amount to be recovered relative to the time, effort and expense necessary to join or bring an individual action. Because the statutory minimum damage is $500 per violation and the JFPA does not authorize an award of attorneys' fees to a successful plaintiff, individual action to remedy Defendant's violations would be uneconomical. As a practical matter, the claims of the vast majority of the Plaintiff Class are not likely to be redressed absent class certification.

      E.    Equity dictates that all persons who stand to benefit from the relief sought herein should be subject to this action and, hence, subject to an order spreading the cost of litigation among class members in relationship to the benefits received.

F.      Class adjudication would serve to educate class members about their rights under the Act and FCC regulations to stop unwanted junk faxes, a particularly important public purpose.

**ANSWER:**  Defendant admits that Plaintiff purports to seek certification of a class. Paragraph 18 and its subparts assert legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph and its subparts.  Defendant further states that this action does not meet the mandatory prerequisites of a class action and is not appropriate for class treatment.

**Claim for Relief for Violations of the JFPA and FCC Regulations**

19.     **Incorporation**.  Plaintiff and the Plaintiff Class reassert the averments set forth in paragraphs 1 through 18, above.

**ANSWER:**  Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein.

20.     **Defendant's Violations of the Act and FCC Regulations**.  Commencing within four years preceding the filing of this action, including, without limitation, on January 4, 2012, Defendant violated the JFPA and FCC regulations by, among other things, by sending from or to the United States, unsolicited advertisements and/or advertisements that violate the Opt-Out Notice Requirements, via facsimile, from telephone facsimile machines, computers, or other devices to telephone facsimile machines via facsimile telephone numbers of Plaintiff and members of the Plaintiff Class.

**ANSWER:**  Paragraph 20 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

21.    **Private Right of Action**.  Under § (b)(3), Plaintiff has a private right of action to bring this claim for damages and injunctive relief on behalf of itself and on behalf of the Plaintiff Class to redress Defendant's violations of the JFPA and FCC regulations.

ANSWER:  Paragraph 21 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

22.    **Injunctive Relief**.    Plaintiff is entitled to have preliminary and permanent injunctions entered to: (1) prohibit Defendant, its employees, agents, representatives, contractors, affiliates and all persons and entities acting in concert with them, from committing further violations of the JFPA and FCC regulations, and thereby, among other things, prohibiting Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending any further unsolicited faxed advertisements to any person or entity or sending faxed advertisements that do not comply with the Opt-Out Notice Requirements; (2) require Defendant to deliver to Plaintiff all records of facsimile advertisements sent commencing within four years preceding the filing of this action, including all content sent via facsimile, fax lists, and transmission records; (3) require Defendant to adopt ongoing educational, training and monitoring programs to ensure compliance with the JFPA and FCC regulations, and limiting facsimile advertising activity to personnel who have undergone such training; (4) require Defendant to provide written notice to all persons and entities to whom Defendant sent, via facsimile transmission, advertisements in violation the JFPA and/or FCC regulations, warning such persons and entities that the faxing of unsolicited advertisements, or advertisements that do not comply with the Opt-Out Notice Requirements, violates the JFPA and

that they should not be led or encouraged in any way by Defendant's violations of the JFPA and/or FCC regulations to send advertisements of their own that violate the JFPA and/or FCC regulations; and (5) require Defendant to conspicuously place on the homepage of its website the warnings contained in subsection 4 of this paragraph.

**ANSWER:** Defendant denies the allegations in Paragraph 22 and its subparts.

23. **Damages**. Plaintiff and all members of the Plaintiff Class are entitled to recover the minimum statutory amount of $500 for each violation by Defendant of the JFPA and FCC regulations, as expressly authorized by § (b)(3). In addition, Plaintiff is informed and believes, and upon such information and belief avers, that Defendant committed its violations willfully and/or knowingly and that the amount of statutory damages should be increased up to three times, also as authorized by § (b)(3).

**ANSWER:** Defendant denies the allegations in Paragraph 23.

### Prayer for Relief

**WHEREFORE**, Plaintiff and the Plaintiff Class pray for relief against Defendant:

1. Certifying a class described in paragraph 13 of the Complaint;

2. Appointing Plaintiff as representative for the Plaintiff Class and awarding Plaintiff an incentive award for its efforts as class representative;

3. Appointing Plaintiff's counsel as counsel for the Plaintiff Class;

4. Awarding statutory damages in the minimum amount of $500 for each violation of the JFPA and/or FCC regulations and the trebling of such statutory damages, in an overall amount not less than $1,000,000, exclusive of interest and costs, according to proof;

5. Entering the preliminary and permanent injunctions requested in paragraph 22 of the Complaint;

6.    Ordering payment of Plaintiff's costs of litigation, including, without limitation, costs of suit and attorneys' fees, spread among the members of the Plaintiff Class in relation to the benefits received by the Plaintiff Class;

7.    Awarding Plaintiff and the Plaintiff Class prejudgment interest; and

8.    Awarding Plaintiff and the Plaintiff Class such other and further relief as the Court shall deem just and proper.

**ANSWER:**  Defendant denies that Plaintiff is entitled to any of the relief prayed for and therefore requests entry of an order granting judgment in Defendant's favor.

### Jury Demand

**ANSWER:**  Plaintiff demands trial by jury on all issues triable by jury.

Defendant admits that Plaintiff purports to demand trial by jury on all issues triable by jury.

### AFFIRMATIVE DEFENSES

In further response to Plaintiff's Class Action Complaint, subject to discovery, based on information and belief, and without assuming the burden of proof of any issue for which Plaintiff bears the burden of proof, Defendant asserts the following additional affirmative defenses:

### First Affirmative Defense
#### *Failure to State a Claim*

The Class Action Complaint and each purported cause of action therein fails to state a claim against Defendant upon which relief can be granted.

## Second Affirmative Defense
### *Consent*

The Class Action Complaint and each purported cause of action contained therein are barred to the extent that Plaintiff provided Defendant, or any other defendants, with consent for the alleged faxes, including, without limitation, prior permission or invitation.

## Third Affirmative Defense
### *Solicited Faxes*

The Federal Communication Commission's ("FCC") Regulations and Orders pertaining to solicited fax advertisements are unauthorized and exceed the scope of the FCC's authority. Specifically, 47 U.S.C. § 227(b) is not the statutory basis for the FCC's rule requiring an opt-out notice on fax advertisements sent with the recipient's express prior consent. This statutory provision applies only in instances in which the recipient is receiving faxes without providing prior express written consent or in the absence of an "existing business relationship."

## Fourth Affirmative Defense
### *Unconstitutional Vagueness or Over-Breadth*

Interpretations of the TCPA and JFPA upon which the Class Action Complaint is based are unconstitutionally vague and overbroad and thus violate the due process clause of the Fifth Amendment to the United States Constitution, and the due process provisions of the Fourteenth Amendment to the United States Constitution.

## Fifth Affirmative Defense
### *No Duplicative Relief*

To the extent that any relief sought by Plaintiff would be duplicative of relief sought by other plaintiffs in other lawsuits, subjecting Defendant to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

### Sixth Affirmative Defense
### *Settlement Credits*

In the event that a settlement is reached between Plaintiff or any other putative class member, on the one hand, and any other person or entity on the other hand, Defendant is entitled to any settlement credits permitted by law.

### Seventh Affirmative Defense
### *Lack of Control*

Any purported damages to Plaintiff or the purported class members, which Defendant continues to deny, are the result of the acts or omissions of persons or entities over whom Defendant has neither control nor responsibility.

### Eighth Affirmative Defense
### *Defenses Specific to Class Members*

Defendant may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class. Defendant reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

### Ninth Affirmative Defense
### *Excessive Penalties*

The statutory penalties sought by Plaintiff and members of the putative class are excessive and thus violate the due process clause of the Fifth Amendment to the United States Constitution, and the due process provision of the Fourteenth Amendment to the United States Constitution.

### Tenth Affirmative Defense
*Lack of Standing*

Plaintiff and members of the putative class have suffered no injury and do not have standing to assert TCPA claims against Defendant.

### Eleventh Affirmative Defense
*Waiver and Estoppel*

Plaintiff and members of the putative class have waived their right to recover herein, in whole or in part, and/or also barred by the doctrine of estoppel.

### Twelfth Affirmative Defense
*Third Parties*

The matters that are the subject of the Class Action Complaint and the actions therein complained of are attributable to third parties over whom Defendant had no control or right to control, and recovery is therefore barred or proportionately reduced accordingly.

### Thirteenth Affirmative Defense
*Substantial Compliance with Laws*

Defendant is not liable to Plaintiff or members of any purported class because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

### Fourteenth Affirmative Defense
*No Liability*

Defendant is not liable to Plaintiff or members of any alleged class because Defendant did not send a fax as defined under 47 U.S.C. § 227.

### Fifteenth Affirmative Defense
*Proportional Allocation of Fault*

Any damage, loss or liability sustained by Plaintiff or members of any purported class must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of

persons or entities other than Defendant, including other parties in this case and/or third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

## Sixteenth Affirmative Defense
### *Not Knowing or Willful*

Plaintiff is precluded from any recovery from Defendant for a willful and knowing violation of the TCPA and/or JFPA because any such violation (which Defendant denies occurred) would not have been willful or knowing.

## Seventeenth Affirmative Defense
### *Failure to Mitigate*

Plaintiff has failed to mitigate damages.

## Eighteenth Affirmative Defense
### *Reservation of Rights*

Defendant reserves the right to raise additional affirmative defenses to which it may be entitled or which may be developed in the course of discovery.

**WHEREFORE,** Defendant requests that the Court enter a judgment against Plaintiff and for Defendant:

1. That Plaintiff take nothing by reason of the Class Action Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiff;

3. For costs and attorneys' fees incurred by Defendant herein, if and to the extent permitted by law; and

4. Granting such other and further relief as this Court may deem just and proper.

DATED: October 20, 2014                    Respectfully submitted,

                                           SENCO BRANDS, INC.

By:  /s/ Zachary G. Shook
Zachary G. Shook

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies pursuant to Fed.R.Civ.P. 5 and L.R. 5.5, that a true and correct copy of the foregoing **DEFENDANT SENCO BRANDS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT** was filed on <u>October 21, 2014,</u> with the clerk of the court using the CM/ECF system which will send notice to all attorneys of record.

<u>/s/Zachary G. Shook</u><br>Zachary G. Shook